UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LINDA H.,[1]

      Plaintiff,

  v.

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

19-CV-1244-LJV
DECISION & ORDER

---

On September 13, 2019, the plaintiff, Linda H. ("Linda"), brought this action under the Social Security Act. She seeks review of the determination by the Commissioner of Social Security ("Commissioner") that she was not disabled. Docket Item 1. On March 9, 2020, Linda moved for judgment on the pleadings, Docket Item 7, and on May 8, 2020, the Commissioner responded and cross-moved for judgment on the pleadings, Docket Item 9.

For the reasons stated below, this Court grants Linda's motion in part and denies the Commissioner's cross-motion.[2]

---

[1] To protect the privacy interests of social security litigants while maintaining public access to judicial records, this Court will identify any non-government party in cases filed under 42 U.S.C. § 405(g) only by first name and last initial. Standing Order, Identification of Non-government Parties in Social Security Opinions (W.D.N.Y. Nov. 18, 2020).

[2] This Court assumes familiarity with the underlying facts, the procedural history, and the ALJ's decision and will refer only to the facts necessary to explain its decision.

## **STANDARD OF REVIEW**

"The scope of review of a disability determination . . . involves two levels of inquiry." *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987).  The court "must first decide whether [the Commissioner] applied the correct legal principles in making the determination." *Id*.  This includes ensuring "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the Social Security Act." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)).  Then, the court "decide[s] whether the determination is supported by 'substantial evidence.'" *Johnson*, 817 F.2d at 985 (quoting 42 U.S.C. § 405(g)).  "Substantial evidence" means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  "Where there is a reasonable basis for doubt whether the [Administrative Law Judge ('ALJ')] applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to correct legal principles." *Johnson*, 817 F.2d at 986.

## **DISCUSSION**

Linda argues that the ALJ erred in two ways.  Docket Item 7-1.  First, she argues that the ALJ erred in finding that she could perform jobs that "exceed the limitations" in

2

her residual functional capacity ("RFC").³  *Id.* at 10.  Second, she argues that the ALJ erred by giving "the most weight" to the opinion of Hongbiao Liu, M.D., but then formulating an RFC that omitted—without explanation—important limitations that Dr. Liu identified.  *Id.*  This Court agrees that the ALJ erred and, because that error was to Linda's prejudice, remands the matter to the Commissioner.

"Under the Commissioner's own rules, if the ALJ's 'RFC assessment conflicts with an opinion from a medical source, the [ALJ] must explain why the opinion was not adopted.'"  *Dioguardi v. Comm'r of Soc. Sec.*, 445 F. Supp. 2d 288, 297 (W.D.N.Y. 2006) (quoting SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996)).  An "ALJ is not obligated to 'reconcile explicitly every conflicting shred of medical testimony,'" *id.* (quoting *Gecevic v. Sec'y of Heath & Human Servs.*, 882 F. Supp. 278, 286 (E.D.N.Y. 1995)), and "[t]here is no absolute bar to crediting only portions of medical source opinions," *Younes v. Colvin*, 2015 WL 1524417, at *8 (N.D.N.Y. Apr. 2, 2015).  But when "an ALJ . . . chooses to adopt only portions of a medical opinion[, she] must explain . . . her decision to reject the remaining portions."  *Raymer v. Colvin*, 2015 WL 5032669, at *5 (W.D.N.Y. Aug. 25, 2015) (citing *Younes*, 2015 WL 1524417, at *8).

Moreover, if an ALJ rejects an opinion or part of an opinion about a particular limitation, the ALJ must base that decision on other medical evidence and may not replace the medical opinion with the ALJ's lay judgment.  *See Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998) ("In the absence of a medical opinion to support [an] ALJ's

---

³ A claimant's RFC "is the most [she] can still do despite [her] limitations," 20 C.F.R. § 416.945, "in an ordinary work setting on a regular and continuing basis," *see Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999) (quoting SSR 86-8, 1986 WL 68636, at *8 (Jan. 1, 1986).  "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule."  *Id.*

finding as to [a claimant's] ability to perform [a certain level of] work, it is well-settled that the ALJ cannot arbitrarily substitute his own judgment for [a] competent medical opinion. While an ALJ is free to resolve issues of credibility as to lay testimony or to choose between properly submitted medical opinions, he is not free to set his own expertise against that of a physician who submitted an opinion to or testified before him." (citation and original alterations omitted)).  And that is especially so when the ALJ constructs a detailed RFC with very specific limitations: those limitations must be based on medical judgments, not created from whole cloth by a lay ALJ.  *See Cosnyka v. Colvin*, 576 F. App'x 43, 46 (2d Cir. 2014) (summary order).

      Here, Dr. Liu found that Linda had a "mild to moderate limitation for prolonged walking, bending, kneeling, [and] lifting and carrying heavy objects"; that she "should avoid dust and other irritating factors leading to [an] asthma attack"; that she "should avoid moderate exertional activity because of [her] cardiac condition"; and that she "m[ight] experience schedule interruptions because of migraine headaches."  Docket Item 5 at 618.  Dr. Liu limited Linda to sitting and standing for thirty minutes and walking for one hour at a time, as well as to sitting and standing for a total of two hours, and walking for a total of four hours, in an eight-hour workday.  *Id.* at 620.  He also limited her to "[f]requently" reaching, pushing, and pulling; only "[o]ccasionally" kneeling; and "[n]ever" crouching, crawling, and climbing ladders or scaffolds.  *Id.* at 621-22.  And he found that she could "[n]ever" tolerate humidity, wetness, dust, odors, fumes, and other pulmonary irritants; "[n]ever" tolerate extreme cold; and only "[o]ccasionally" tolerate extreme heat.  *Id.* at 623.

The ALJ afforded Dr. Liu's opinion "the most weight . . . because he ha[d] seen [Linda] recently[;] . . . he [examined Linda] after the allegedly worsening radiology studies of the back and pulmonary function tests[;] . . . [and he] provided specific functional limitations in his opinion." *Id.* at 23.  But the ALJ then omitted important limitations that Dr. Liu found in formulating the RFC—namely, the limitations on crouching, reaching, sitting, standing, and walking, as well as her tolerance for environmental conditions and pulmonary irritants.[4]  *Compare id.* at 618-23, *with id.* at 21.

The ALJ did not provide any reason for omitting these limitations, so this Court has no idea whether the ALJ missed them, ignored them, or disagreed with them for some legitimate reason.  And that legal error requires remand.  *See Labonte v. Berryhill*, 2017 WL 1546477, at *4 (W.D.N.Y. May 1, 2017) (remanding where the ALJ gave "significant weight" to the opinion of the claimant's chiropractor but "reject[ed]—without any explanation whatsoever—[the chiropractor's] opinion that she would frequently be off task").

The ALJ's failure to incorporate Dr. Liu's opinion that Linda could sit and stand for only thirty minutes and walk for only one hour at a time is particularly troubling.

---

[4] The ALJ found that Linda has the RFC to "perform medium work as defined in 20 CFR [§] 416.967(c) except she can lift and carry no more than 15 pounds frequently and 25 pounds occasionally[;] . . . she can never climb ladders, ropes, or scaffolds[;] . . . [she] can tolerate no exposure to unprotected heights or vibration[;] . . . she can tolerate no more than occasional exposure to pulmonary irritants such as fumes, gases, smoke, and allergens[; and s]he will be off-task up to 10 percent of a workday, in addition to regular breaks."  Docket Item 5 at 21.  "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds.  If someone can do medium work, . . . she can also do sedentary and light work."  20 CFR § 416.967(c).

5

"When the record indicates that a [claimant] has significant limitations with regard to [her] ability to sit for extended periods of time, the ALJ should engage in a detailed discussion concerning [the claimant's] restrictions." *Overbaugh v. Astrue*, 2010 WL 1171203, at *9 (N.D.N.Y. Mar. 22, 2010). And when, as here, the record suggests that a claimant can sit, stand, or walk for very limited periods of time, the RFC "must be specific as to the frequency of the individual's need to alternate sitting and standing." SSR 96-9p, 1996 WL 374185, at *7 (July 2, 1996); *see also Overbaugh*, 2010 WL 1171203, at *9 ("Even though the treating physician set forth restrictions regarding [the claimant's] need to alternate between sitting and standing, SSR 96-9p and caselaw clearly dictate that the ALJ had a duty to specify the extent of the limitation."). That is because a claimant's need to alternate among sitting, standing, and walking "may erode the occupational base"—for example, by making even sedentary or light work impossible to perform. *See Overbaugh*, 2010 WL 1171203, at *9 (citing *Iannopollo v. Barnhart*, 280 F. Supp. 2d 41, 50 (W.D.N.Y. 2003)).[5]

The Commissioner argues that the ALJ was not required to adopt all of Dr. Liu's limitations and that she "evaluated Dr. Liu's opinion and adopted it to the extent it was consistent with the evidence in the record as a whole." Docket Item 9-1 at 9. Of course, the ALJ was not required to accept everything about which Dr. Liu opined. *See Younes*, 2015 WL 1524417, at *8. But she was required to explain what parts of Dr. Liu's opinion she rejected and why. After all, when a medical source opinion conflicts with the RFC, "the [ALJ] must explain why th[at] opinion was not adopted." SSR 96-8p,

---

[5] The RFC lacked any detail about the "the frequency of [Linda's] need to alternate sitting and standing." *See* Docket Item 5 at 21. That violated the Commissioner's own rules as well. *See* SSR 96-9p, 1996 WL 374185, at *7.

1996 WL 374184, at *7.  And the ALJ also "must provide an 'accurate and logical bridge' between the evidence and the conclusion that the claimant is not disabled so that . . . 'a reviewing court . . . may assess the validity of the agency's ultimate findings and afford [the] claimant meaningful judicial review.'"  *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008) (third alteration in original) (quoting *Young v. Barnhart*, 362 F.3d 995, 1002 (7th Cir. 2004)).  That is especially so when the ALJ explicitly gives great weight to the opinion with which the RFC conflicts.  *Raymer*, 2015 WL 5032669, at *6.

What is more, the ALJ did not say that she was rejecting any part of Dr. Liu's opinion because it was inconsistent the record or because she found other medical evidence more compelling.[6]  In fact, the ALJ afforded Dr. Liu's opinion "the most weight" of all the opinion evidence.[7]  Docket Item 5 at 23.  It is a foundational principle of administrative law that "[t]he grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based."  *Sec. & Exch. Comm'n v. Chenery Corp.*, 318 U.S. 80, 87 (1943); *see also Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999) (quoting another source) (noting that courts "may not

---

[6] The ALJ did not identify any contrary medical evidence that might reconcile the discrepancies between the RFC and Dr. Liu's opinion.  Therefore, if the ALJ did reject part of Dr. Liu's opinion—apparently the only opinion in the record rendered after Linda's alleged onset date—then the ALJ impermissibly "substitute[d her] own judgment for [a] competent medical opinion."  *See Balsamo*, 142 F.3d at 81.

[7] If anything, the ALJ suggested that she meant to formulate an RFC even more restrictive than Dr. Liu's findings:  she said that "in an abundance of caution," the RFC would include "even greater limitations [than Dr. Liu found] in light of [Linda's] subjective complaints of extreme debilitating functioning."  Docket Item 5 at 23.  But other than lessening the amount of weight that Linda could carry, the RFC did not include "even greater limitations" than Dr. Liu found.  *See id.* at 21.

accept . . . *post hoc* rationalizations for agency action"). So the Commissioner's belated attempt to salvage the RFC lacks merit.

The ALJ's "failure to reconcile the RFC assessment with [Dr. Liu's] medical source statement[] was error, and based upon the testimony given by the vocational expert [('VE')], the failure was not harmless." *See Dioguardi*, 455 F. Supp. 2d at 298. Indeed, as Linda correctly observes, *see* Docket Item 7-1 at 15, all three jobs that the VE identified and upon which the ALJ relied to find that Linda was not disabled, *see* Docket Item 5 at 25 (finding that Linda could perform the jobs of dishwasher, hand packager, and warehouse worker), require work beyond the limitations that Dr. Liu found.[8]

For example, despite Dr. Liu's limiting Linda to *frequent* reaching, *id.* at 621, the jobs of hand packager and dishwasher would require *constant* reaching, *see* 318.687-010 KITCHEN HELPER, 1991 WL 672755 (Jan. 1, 2016) ("Reaching: Constantly"); 920.587-018 PACKAGER, HAND, 1991 WL 687916 (same). Despite Dr. Liu's limiting Linda to *never* crouching, Docket Item 5 at 622, the jobs of warehouse worker and dishwasher would require *frequent* crouching, *see* 922.687-058 LABORER, STORES, 1991 WL 688132 ("Crouching: Frequently"); 318.687-010 KITCHEN HELPER, 1991 WL

---

[8] Even worse, the jobs of warehouse worker and hand packager would require Linda to perform tasks that even the ALJ found she could not do. The job of warehouse worker, for example, would require Linda to *occasionally* climb, *see* 922.687-058 LABORER, STORES, 1991 WL 688132 (Jan. 1, 2016) ("Climbing: Occasionally"), but the RFC limited Linda to *never* climbing, Docket Item 5 at 21. And the job of hand packager would require *frequent* exposure to atmospheric conditions, *see* 920.587-018 PACKAGER, HAND, 1991 WL 687916 (Jan. 1, 2016) ("Atmospheric Cond.: Frequently"), while the RFC limited Linda to only *occasional* exposure to "pulmonary irritants such as fumes, gases, smoke, and allergens," Docket Item 5 at 21. The ALJ did not reconcile these inconsistencies, and that is another, independent error requiring remand.

672755 (same).  And despite Dr. Liu's limiting Linda to *occasional* exposure to extreme heat, humidity, and wetness, and *never* being exposed to extreme cold, Docket Item 5 at 623, the job of dishwasher would require *frequent* exposure to extreme heat, humidity, and wetness, and *occasional* exposure to extreme cold, *see* 318.687-010 KITCHEN HELPER, 1991 WL 672755 ("Extreme Cold: Occasionally" . . . "Extreme Heat: Frequently" . . . "Wet and/or Humid: Frequently"); *see also* 920.587-018 PACKAGER, HAND, 1991 WL 687916 ("Extreme Heat: Frequently").

In other words, all three jobs the ALJ found that Linda could perform would require Linda to do things that Dr. Liu did not think she could do.  The failure to address that, either by incorporating Dr. Liu's limitations into the RFC or by explaining why they were rejected, was error.  Remand therefore is required so the ALJ can properly consider Dr. Liu's opinion.[9]

## **CONCLUSION**

The Commissioner's motion for judgment on the pleadings, Docket Item 9, is DENIED, and Linda's motion for judgment on the pleadings, Docket Item 7, is GRANTED in part and DENIED in part.  The decision of the Commissioner is VACATED, and the matter is REMANDED for further administrative proceedings consistent with this decision.

---

[9] The Court "will not reach the remaining issues raised by [Linda] because they may be affected by the ALJ's treatment of this case on remand."  *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003); *see also Bonet ex rel. T.B. v. Colvin*, 2015 WL 729707, at *7 (N.D.N.Y. Feb. 18, 2015) ("Given the need to apply the proper legal standard, the Court will decline at this time to consider whether substantial evidence exists to support the findings the ALJ made.").

SO ORDERED.

Dated: May 24, 2021
 Buffalo, New York

                                                  */s/ Lawrence J. Vilardo*
                                                LAWRENCE J. VILARDO
                                                UNITED STATES DISTRICT JUDGE